IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DANIEL L. GANT,** | **CIVIL NO. 1:CV-07-1970** |
| Plaintiff | |
| v. | (Judge Rambo) |
| **CAPTAIN FISHER,** | |
| Defendant | |

### **M E M O R A N D U M**

Before the court is Plaintiff's "motion for altering or amending a judgment" under Federal Rule of Civil Procedure 59(a). Plaintiff claims Defendant altered a video tape that was shown at trial, intimidated witnesses so they would falsely testify or made witnesses unavailable for trial. (Doc. 230.) For the reasons that follow, the motion will be denied.

### **I.      Background**

On October 11, 2011, a jury trial was held in the captioned case. In the underlying case, Plaintiff alleged that he was assaulted by another inmate and that Defendant is liable under 42 U.S.C. § 1983 because he knew that the relationship between Plaintiff and the assailant was contentious and failed to adequately protect Plaintiff. Furthermore, Plaintiff claimed Defendant was in the prison at the time of the fight, watched the fight occur on camera, and took no steps to end the altercation.

Plaintiff represented himself, testified, and called two witnesses on his behalf. Plaintiff identified a third witness in his pre-trial filings, and had the witness (who also happened to be the assailant in the underlying case) transported to the State Correctional Institute- Camp Hill ("SCI- Camp Hill"), but did not call this witness at trial. Prior to trial, the court ordered Defendant to make available a four

and one half minute video taken by prison surveillance of the assault. Although Defendant did stipulate that an assault took place, and it was caught on camera, they objected to the production of the video based on security concerns. In a Report and Recommendation dated August 26, 2010, in which Magistrate Judge Mannion was ruling on a motion for summary judgment, the following conclusion was made: "if defendant Fisher watched the entire 4.5 minute stabbing incident on camera as it happened, and did nothing, this may very well establish deliberate indifference." (Doc. 150, Report & Recommendation, Aug. 26, 2010.)[1] As such, the only question left to be decided at trial was whether Defendant Fisher watched the fight take place on camera and failed to take adequate steps to stop or prevent it.

Subsequently, after new counsel entered his appearance on behalf of Defendant, a document was produced to both Plaintiff and the court showing that Defendant had left the institution before the assault in question occurred. Therefore, Defendant renewed the objection to the videotape based this time on both security concerns and relevance. Although the court questioned the relevance of the videotape, after viewing the recording *in camera* it was determined that the security risk to Defendant was minimal, and in the interest of full disclosure and considering Plaintiff's *pro se* status, the court permitted showing the tape at trial. However, the court agreed that the portions of the video that showed the number of cameras on the cell block in question would be redacted. The video was viewed once by the jury and Plaintiff asked for it to be viewed a second time. However, due to technical glitches the video froze and would not play again at this time. Notably, during deliberations the jury never asked to view the video again.

---

[1] All other Defendants named in the complaint were dismissed.

Defendant responded by testifying that he was not present at the time of the fight and did not know the assailant outside this trial. In addition, an assistant from the prison's human relations department testified that the prison's electronic monitoring system showed that Defendant left the prison shortly after 3 p.m. on the date of the underlying incident, which itself occurred shortly after 5 p.m.

**II.** **Discussion**

Plaintiff asks for a new trial based on the following reasons: Plaintiff claims there is a close-up, more accurate video of the assault Defendant has failed to produce; Plaintiff's witness Albert Ford was threatened by Defendant and therefore failed to tell the whole truth at trial; his assailant, Troy Cooper, was threatened that if he testified he would subsequently be prosecuted for attempted murder; potential witness Leroy Reaves was transferred out-of-state so that the court would not be able to find him; and, that all these prejudices should have led the court to appoint counsel for his witnesses. The court finds each of the arguments to be insufficient to grant Plaintiff a new trial.

A motion for a new trial is governed by Federal Rule of Civil Procedure 59. Under this rule, in the case of a jury trial, "[t]he court may, on motion, grant a new trial on all or some of the issues—and to any party— . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1)(A). In the Third Circuit, a new trial is warranted "when the verdict is against the great weight of the evidence or errors at trial produce a result inconsistent with substantial justice." *Sandrow v. United States*, 832 F. Supp. 918, 918 (E.D. Pa. 1993) (citing *Roebuck v. Drexel Univ.*, 852 F.2d 715, 735-36 (3d Cir.

1988)); *see also Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 346 (D. Del. 2004) (noting that excessive damages or improper use of peremptory challenges to exclude potential jurors on the basis of race are other grounds for a new trial).

When a motion for a new trial is based on a prejudicial error of law, the court has broad discretion to order a new trial. *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993). If, however, a motion for a new trial is premised on a verdict that is allegedly against the weight of the evidence, the court's discretion is more limited. *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991). Under these circumstances, a new trial should only be granted when the verdict "cries out to be overturned or shocks the conscience." *Id*. Nonetheless, in reviewing a motion for a new trial, the court must draw all reasonable inferences in favor of the verdict winner. *Marino v. Ballestas*, 749 F.2d 162, 167 (3d Cir. 1984); *see also* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.13.

Here, Plaintiff argues that a new trial is warranted because the verdict rendered was "against the great weight of the evidence," *Sandrow, supra*, or "shocks the conscience," *Marino, supra*. These arguments fail.

### A. <u>Video Tape</u>

Plaintiff claims that the verdict against him would have been different if "Defendant would not have switched the versions of the 'videotape' showing a 'less detailed' and 'altered version.'" (Pl.'s Br. Supp. Mot. for Altering or Amending a J., Doc. 230, at 1.) Plaintiff provides no additional support for his claim that there is alternative video footage of the assault in question, and, in fact, was free to testify to this belief before the jury. Moreover, there is nothing to suggest a more clear or alternative camera view would change the outcome of this trial. Defendant stipulated

to the fact that a fight took place.  Further, Plaintiff does not allege that Defendant was present for the fight, but only that he watched it on camera and failed to take actions to stop it.  Therefore, there is no dispute that Defendant was not in the actual, physical area of the assault, but only that he watched it remotely and was deliberately indifferent to Plaintiff's need for assistance.[2]  As such, the jury was allowed to give the video the weight it felt was warranted.  Plaintiff has failed to demonstrate that any issues involving this video produced a verdict that was so "against the great weight of the evidence," *Sandrow, supra,* so as to warrant a new trial.  Plaintiff's motion will be denied on this basis.

### B.    **Potential Witness Troy Cooper**

Plaintiff claims his assailant, Troy Cooper, did not testify because he was being threatened with charges of attempted murder should he take the stand.  Defendant's pre-trial memorandum addressed the issue of whether Cooper might invoke his Fifth Amendment right against self incrimination should he take the stand and admit that he stabbed Plaintiff several times.  The court found that the potential Constitutional issues did not prevent Plaintiff from calling Cooper as a witness, and granted Plaintiff's writ to have Cooper be readily available.  Plaintiff could have called Cooper as a witness and let him explain any concerns he might have about the repercussions of testifying or any threats he had received.  Plaintiff himself chose not to call this witness.[3]  As such, the court will not grant a new trial based on Plaintiff's

---

[2] Furthermore, if the jury believed that the contents of the video were pertinent, they could have asked that the video be replayed during deliberations.

[3] It is unclear what testimony Cooper could have provided regarding the underlying issue of whether Defendant witnessed the fight from a remote location.  Regardless, it was Plaintiff's choice not to call Cooper to the stand and the court will not further speculate regarding what Cooper's testimony
(continued...)

failure to call a witness that the court had otherwise made available to testify, and Plaintiff's motion will be denied on this ground.

### C. **Potential Witness Leroy Reaves**

Plaintiff claims that potential witness Leroy Reaves was transferred out-of-state so that the court was unable to find him. Defendant counters that Plaintiff never listed Leroy Reaves as a desired witness for trial and thus, cannot request a new trial based on this particular witness being unavailable. The court agrees. Plaintiff did not list Leroy Reaves as a requested witness and the court will not grant a new trial because a writ was not issued for an apparently desired, but undisclosed, witness. The motion will be denied on this ground.

### D. **Witness Albert Ford and RHU Placement**

Plaintiff claims witness Albert Ford's placement in the Restricted Housing Unit ("RHU") while at SCI- Camp Hill negatively impacted Ford's testimony at trial. Ford took the stand at trial and Plaintiff was free to question him about any threats made against him in conjunction with testifying at Plaintiff's trial. The veracity and truthfulness of any testimony given by Ford was a question of credibility for the jury. As for the chosen area of the prison for Ford's temporary placement while at SCI- Camp Hill, this is a matter within the discretion of the Department of Corrections.[4] As such, Plaintiff's motion will be denied in this regard.

---

[3] (...continued)
might have been.

[4] Plaintiff also contests Troy Cooper's placement in the RHU. The court has already addressed Ford's availability as a witness above and will not reiterate those facts here. Plaintiff's motion is denied for those reasons and, as with Ford, will not grant the motion based on Cooper's placement in the RHU.

**III.     Conclusion [5]**

For the aforementioned reasons, Plaintiff has failed to show that the verdict in this case warrants a new trial as it was not against the great weight of the evidence, nor does it shock the conscience.  An appropriate order will issue.

                                                              s/Sylvia H. Rambo
                                                              United States District Judge

Dated:  January 5, 2012.

---

[5] Plaintiff also makes a cursory argument in his motion that counsel should have been provided to protect Plaintiff's witnesses and potential witnesses.  Not only does the court not believe this is grounds for a new trial, it is also not this court's duty to appoint counsel for Plaintiff's prospective witnesses.  Therefore, a new trial will be denied on this basis as well.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL L. GANT,** | : | **CIVIL NO.1:CV-07-1970** |
| Plaintiff | : | (**Judge Rambo**) |
| v. | : | |
| **CAPTAIN FISHER,** | : | |
| Defendant | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Plaintiff's "Motion for Altering or Amending a Judgment Rule 59(a)," (Doc. 230), is **DENIED**.

                                   s/Sylvia H. Rambo
                                   United States District Judge

Dated: January 5, 2012.